(29 Misc. Rep. 648.)

### OSBORN v. AMERICAN INK CO.

(Supreme Court, Appellate Term. November 29, 1899.)

1. SALES—BREACH OF WARRANTY—SURVIVAL OF ACCEPTANCE.
   A breach of an express warranty survives the acceptance, and the buyer need not return nor offer to return the defective goods to entitle him to damages.

2. SAME—LATENT DEFECTS.
   An implied warranty in an executory contract of sale survives the acceptance, where the defects were not discoverable on ordinary inspection.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Clarence J. Osborn against the American Ink Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

J. Edward Weld, for appellant.

Einstein & Townsend (M. S. Guiterman, of counsel), for respondent.

LEVENTRITT, J.  The plaintiff has appealed from a judgment in his favor reduced by the allowance of the defendant's counterclaim.  In June, 1898, the plaintiff's assignor, one Cabot, obtained an order from the defendant for a quantity of carbon black to be used in the preparation of ink.  The goods were manufactured, delivered, and paid for.  Immediately upon receipt, the defendant began to use the carbon black in making ink which it sold to printers.  In July, 1898, its customers presented complaints of the quality of the ink furnished, and it, in turn, reported these complaints to Cabot.  The matter was investigated, and Cabot finally offered to exchange the unused balance for an equal amount of new goods.  These new goods were sent and accepted, but the old goods were not returned.  Thereupon, after assignment of the claim to the plaintiff, this action was instituted to recover the purchase price of the new shipment.  The defendant counterclaimed in damages for breach of an express warranty as to the quality of the former shipment.  The justice allowed the damage, and gave plaintiff a judgment for the difference.

Whatever view may be taken of the warranty, the allowance of the counterclaim was proper.  The proof will amply sustain a finding of an express warranty.  The plaintiff, who was Cabot's general agent, and not merely his salesman, admitted that when he took the order he guarantied the carbon black to be "free from grit."  It was conceded that that substance was present in the ink produced; but the plaintiff controverted the proof that the grit came from the carbon black, and sought to ascribe it to some other ingredient of the ink.  The evidence introduced fully justified the conclusion that the defect was in the carbon, and that hence there was a breach of an express warranty.  This survived the acceptance, and no obligation devolved on the defendant to return, or to offer to return, the defective goods.

The appellant's argument, however, proceeds on the assumption that there was merely an implied warranty.  Conceding that to be so, the allowance of the respondent's counterclaim was nevertheless warranted by the law and the facts.  In a recent case we had occasion to examine at some length the rules of implied warranty applicable to executory contracts of sale (Cycle Co. v. Abrahams, 27 Misc. Rep. 548, 58 N. Y. Supp. 306), and we there held that an implied warranty survived acceptance where the defects were latent, and not discoverable on ordinary inspection.  In the case at bar the question was litigated whether the defects were patent or latent.  The defendant's witnesses testified that it required chemical analysis to detect the presence of grit in the carbon black, while those for the plaintiff swore that, by the simple test of crushing a few particles between the fingers, grit, if present,

would have been revealed. The finding in favor of the counterclaim must be deemed to have solved this disputed question of fact in favor of the defendant. The damages sustained by it were carefully and properly proven, and we find nothing in the record justifying interference with the judgment.

Judgment affirmed, with costs to the respondent. All concur.